IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALCOLM ALLEN,                     *

   Petitioner,                    *
                                                        Civ. Action No. RDB-15-0938
   v.                             *    Crim. Action No. RDB-08-0222

UNITED STATES OF AMERICA,          *

   Respondent.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

On October 30, 2009, *pro se* Petitioner Malcolm Allen ("Petitioner" or "Allen") pled guilty to one count of possession with intent to distribute fifty grams or more of cocaine base and methamphetamine in violation of 18 U.S.C. § 841(a)(1). (ECF No. 26.) On May 11, 2010, this Court sentenced Petitioner to two-hundred and sixteen (216) months imprisonment.[1] (ECF No. 39.) Allen subsequently filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 49), which this Court granted in part, permitting Allen to file an appeal to the United States Court of Appeals for the Fourth Circuit due to ineffective assistance of counsel, and denied in part, rejecting his argument that he was improperly determined a career offender at sentencing. *Allen v. United States*, Nos. RDB-08-0222; RDB-11-1143, 2013 WL 1247658 (D. Md. Mar. 25, 2013). Allen then

---

[1] This sentence was later reduced to one-hundred eighty (180) months pursuant to 18 U.S.C. § 3582(c)(2) upon a motion by the Petitioner for a reduction in the term of his imprisonment due to a guideline sentencing range being subsequently lowered and made retroactive by the United States Sentencing Commission. (ECF No. 105.)

1

appealed this Court's 2255 decision, which the Fourth Circuit affirmed. *United States v. Allen*, 567 Fed. App'x. 175 (4th Cir. 2014).

Currently pending before this Court are Petitioner's Second Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 107), Petitioner's Supplemental Motion to Vacate filed on his behalf by the Office of the Federal Public Defender (OFPD) (ECF No. 116), the OFPD's Motion to Withdraw as Attorney (ECF No. 122), and Petitioner's Motion for Writ of Mandamus (ECF No. 123). For the following reasons, Petitioner's Second Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 107) is DENIED, Petitioner's Supplemental Motion to Vacate filed on his behalf by the OFPD (ECF No. 116) is DENIED, the OFPD's Motion to Withdraw as Attorney (ECF No. 122) is GRANTED, and Petitioner's Motion for Writ of Mandamus (ECF No. 123) is DENIED.

## BACKGROUND

The background facts of this case were fully set forth in this Court's Memorandum Opinion, and briefly summarized herein. *Allen v. United States*, Nos. RDB-08-0222; RDB-11-1143, 2013 WL 1247658 (D. Md. Mar. 25, 2013). On April 25, 2007, detectives executed a search and seizure warrant at Petitioner's residence. *Id.* at *2. At the home, officers found more than fifty grams of cocaine base, one-hundred forty five pills of methamphetamine, and various packaging paraphernalia and other evidence indicating a drug operation. *Id.* Petitioner was indicted for possession with intent to distribute cocaine base and methamphetamine and possession of materials used to manufacture controlled substances.

*Id.* Petitioner pled guilty to the first count and was sentenced to two-hundred sixteen (216) months imprisonment and five years of supervised release. *Id.*

On April 28, 2011, Petitioner filed his first Motion to Vacate, arguing that (1) his counsel was ineffective for failing to file a timely appeal, (2) Petitioner was entitled to re-sentencing under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, and (3) Petitioner was improperly designated as a career offender during sentencing. *Allen v. United States*, Nos. RDB-08-0222; RDB-11-1143, 2013 WL 1247658 (D. Md. Mar. 25, 2013). As to the career offender designation claim, Petitioner argued that he was improperly classified as a career offender because this Court assigned felony status to a crime for which he spent less than a year in jail. *Id.* *5. This Court rejected Petitioner's claim, explaining that under the United States Sentencing Guidelines a defendant is deemed a career offender if the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *Id.* (citing U.S.S.G. § 4B1.1(a)). A prior felony conviction is defined as an adult charge for a federal or state crime "*punishable* by death or imprisonment for a term exceeding one year . . . *regardless of the actual sentence imposed*." *Id.* (citing U.S.S.G. § 4B1.2(c)) (emphasis added). While Petitioner actually spent less than one year in jail for the conviction he challenges, the law provided that he could have received up to five years imprisonment. *Id.* at *6 (citing Petitioner's Pre–Sentencing Report 6; Md. Criminal Law Annotated § 5–607). Accordingly, he was properly designated a career offender. At that time, this Court also denied Petitioner's argument under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. *Id.* at *6-7.

However, as to Petitioner's ineffective assistance of counsel claim, this Court ordered that an evidentiary hearing be held to determine whether Petitioner asked his counsel to file an appeal. *Id.* at *7. Subsequently, after holding the evidentiary hearing and determining that counsel had failed to file an appeal on behalf of Petitioner, this Court ultimately granted in part and denied in part Petitioner's first Motion to Vacate (ECF No. 49). *Allen v. United States*, Nos. RDB-08-0222; RDB-11-1143, 2013 WL 2490568 (D. Md. June 7, 2013). Accordingly, this Court vacated Petitioner's original judgment (ECF No. 39) and ordered the clerk to enter an amended judgment so that Petitioner could file an appeal. (ECF No. 75.)

On appeal to the United States Court of Appeals for the Fourth Circuit, the Fourth Circuit affirmed Petitioner's sentence. *United States v. Allen*, 567 Fed. App'x. 175 (4th Cir. 2014). For one ground of his appeal, Petitioner again argued "that his prior narcotics conviction was not a proper career offender predicate because it was allegedly not 'punishable by imprisonment for a term exceeding one year' under [*United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)]." *Id.* The Fourth Circuit rejected Petitioner's argument given that Petitioner's prior narcotics conviction was in violation of a Maryland law that carried a maximum penalty of five years. "The fact that Allen served less than a year in jail is not dispositive of the issue." *Id.* at 177 (citing *United States v. Kerr,* 737 F.3d 33, 38 (4th Cir. 2013)). Petitioner filed for a petition for writ of certiorari to the United States Supreme Court, which was denied. *Allen v. United States*, 135 S.Ct. 300 (2014) (Mem).

Ultimately, on February 18, 2015, this Court did grant a motion by the Petitioner for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) due to a lowered guideline sentencing range made retroactive by the United States Sentencing Commission pursuant to

4

28 U.S.C. § 994. (ECF No. 105.) His sentence was reduced to one-hundred eighty (180) months. (*Id.*) On April 6, 2015, Petitioner filed the instant second Motion to Vacate, arguing that this Court erred by failing to appoint Petitioner counsel during his evidentiary hearing and that his counsel was ineffective for failing to object to the applicability of his career offender enhancement. (ECF No. 107.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). Further, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428)

## ANALYSIS

### I. Petitioner is not entitled to relief on his first claim

Petitioner's first argument is that this Court erred by failing to appoint him counsel during the evidentiary hearing related to his first 2255 Motion. (ECF No. 107 at 4.) In support of his argument, Petitioner cites Rule 8(c) of Rules Governing Section 2255 Cases in the United States District Courts. Petitioner's claim fails for two reasons. First, not

5

appointing Petitioner counsel during his evidentiary hearing was not in violation of the Constitution or federal law. Rule 8(c) states "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Section 3006A, in relation to 2255 motions, then states that representation may be provided for any financially eligible person seeking relief under section 2255 "if the interests of justice so require." 18 U.S.C. § 3006A(2). Prior to the hearing, this Court denied Petitioner's Motion for Appointment of Counsel related to his 2255 Motion, explaining that there is no Sixth Amendment right to counsel in collateral proceedings, Petitioner had already adequately presented his claims and grounds for relief in his 2255 Motion, and "the interests of justice" did not so require this Court to appoint him counsel. (ECF No. 66); *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). Further, as this Court explained during Petitioner's evidentiary hearing, the hearing was solely to make the factual determination of whether Petitioner ever told his counsel that he wanted to file an appeal. (ECF No. 97 at 34.)

Second, Petitioner prevailed during his evidentiary hearing. After the hearing, this Court granted Petitioner's ineffective assistance of counsel claim due to his counsel's alleged failure to file an appeal. Accordingly, this Court vacated Petitioner's original judgment, ECF No. 39, and ordered the clerk to enter an amended judgment so that Petitioner could file an appeal, ECF No. 75. Therefore, Petitioner has not suffered a "miscarriage of justice" and he is not entitled to relief under this claim.

## II. Petitioner is not entitled to relief on his second claim

Petitioner's second ground for relief is that his counsel was ineffective for failing to

6

object to the applicability of the career offender enhancement to Petitioner's sentence. (ECF No. 107 at 5.) To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. In applying the *Strickland* test, the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

Although now framed as an ineffective assistance of counsel claim, this is the third time that Petitioner has argued that his prior Maryland conviction did not qualify as a prior felony conviction to support his career offender status. He still maintains that he did not actually serve a year in prison. However, as this Court previously explained and the Fourth Circuit subsequently affirmed, a defendant is deemed a career offender if the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). A prior felony conviction is defined as an adult charge for a federal or state crime "*punishable* by death or imprisonment for a term exceeding one year . . .

7

*regardless of the actual sentence imposed.*" U.S.S.G. § 4B1.2(c) (emphasis added). The prior conviction Petitioner disputes involved the violation of a Maryland law that allowed for a maximum of five years imprisonment. Therefore, it was a proper predicate conviction to support Petitioner's designation as a career offender. *See* Pet.'s Mot., ECF No. 107-2 at 9 ("[U]nder the Maryland penal code in effect at the time the offense was committed, Allen could have received a term of incarceration greater than one year for his charged offense.").[2] "The fact that Allen served less than a year in jail is not dispositive of the issue." *Allen*, 567 Fed. App'x. at 177 (citing *Kerr,* 737 F.3d at 38). Accordingly, there was not a valid objection that Petitioner's counsel should have made during his sentencing, and this argument also does not entitle Petitioner to relief.

### III. *Johnson v. United States* does not apply to the advisory sentencing guidelines

In Petitioner's Supplemental Motion to Vacate (ECF No. 116) he added a claim under *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2251, 192 L.Ed.2d 569 (2015). The Office of the Public Defender (OFPD) filed this motion on behalf of Petitioner. Subsequent to the United States Supreme Court's decision in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), the OFPD filed a Motion to Withdraw as Counsel (ECF No. 122). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. Petitioner argues that under *Johnson*, the "Career Offender" provision applied to Petitioner during his sentencing is void for vagueness. (ECF No. 106.)

---

[2] Petitioner also attached the Maryland Sentencing Guideline Matrix for drug offenses. However, the Maryland Sentencing Guidelines are not mandatory, *Teasley v. State*, 298 Md. 364, 367 (Md. 1984), and does not change the fact that Petitioner's potential term of imprisonment was up to five years.

8

During Petitioner's sentencing hearing, this Court found that his prior conviction for first degree assault qualified as a "crime of violence." As a result, he was deemed a career offender and sentenced to 216 months imprisonment. Although the "Career Offender" provision in the Sentencing Guidelines includes the identical residual clause as that struck down in *Johnson*, the Supreme Court has subsequently held that the advisory guidelines are not subject to *Johnson* challenges. *Beckles v. United States*, ⎯⎯ U.S. ⎯⎯, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). Accordingly, this argument fails. For this reason, Petitioner's Supplemental Motion to Vacate (ECF No. 116) is DENIED and the OFPD's Motion to Withdraw as Attorney (ECF No. 122) is GRANTED. In addition, Petitioner's Writ of Mandamus, asking this Court to rule on Petitioner's Motion to Vacate, is now DENIED as MOOT.

## CONCLUSION

For the reasons stated above, Petitioner Allen's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 107) is DENIED, Petitioner's Supplemental Motion to Vacate filed on his behalf by the Office of the Federal Public Defender (OFPD) (ECF No. 116) is DENIED, the OFPD's Motion to Withdraw as Attorney (ECF No. 122) is GRANTED, and Petitioner's Motion for Writ of Mandamus (ECF No. 123) is DENIED as MOOT.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Allen's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: December 12, 2017

/s/

Richard D. Bennett
United States District Judge